UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LINDA HARPER and ANTHONY HARPER, | ) ) ) |
| Plaintiffs | ) ) ) |
| v. | ) No. 2:24-cv-00094-NT ) |
| THOMAS TAVENNER, JR., | ) ) |
| Defendant | ) |

### RECOMMENDED DECISION ON MOTION TO DISMISS

The instant case arises from a collision between the plaintiff Linda Harper's boat and the defendant Thomas Tavenner, Jr.'s boat. *See* Complaint (ECF No. 1). Linda seeks damages for the personal injuries she allegedly sustained in the collision and her husband, the plaintiff Anthony Harper, seeks damages for the loss of consortium and loss of earnings he allegedly incurred while caring for his wife during her recovery. *Id.* Tavenner seeks to dismiss count three of the Harpers' complaint, which presents a standalone claim of punitive damages for his alleged negligence. *See* Motion to Dismiss (ECF No. 8) at 1; Complaint at 7-8. For the following reasons, I recommend that the Court deny Tavenner's motion.

Pursuant to the Federal Rules of Civil Procedure, courts are authorized to dismiss a complaint on motion for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint will survive such a motion only if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

1

The parties' briefing centers on whether the complaint alleges facts sufficient to establish a cognizable claim for punitive damages under Maine law and general maritime law. *See* Motion to Dismiss at 3-7; Opposition (ECF No. 9) at 2-7; Reply (ECF No. 10) at 1-4. I need not reach the merits of the parties' arguments, however, because punitive damages are not a claim of relief within the meaning of Rule 8(a)(2), but a remedy recoverable only through a "separate cause of action." *South Port Marine, LLC v. Gulf Oil Ltd. P'ship*, 234 F.3d 58, 64 (1st Cir. 2000); *see also Doe v. Royal Caribbean Cruises, Ltd.*, No. 11–23323–CIV, 2012 WL 920675, at \*2, 5-6 (S.D. Fla. Mar. 19, 2012) (denying a motion to dismiss the plaintiff's "claim" for punitive damages because "punitive damages is merely one form of *relief* that the plaintiff may be entitled to if she prevails on her [negligence] claim," and while Rule 8(a)(2) requires the complaint to contain a statement of a claim showing that the plaintiff is legally entitled to relief, subsection (a)(3) requires only that the complaint provide a demand for the relief sought, which "suggests that the facts underlying the claim for punitive damages need not be specifically pled").

Consequently, it is neither necessary nor appropriate to adjudicate by Rule 12(b)(6) motion whether punitive damages are recoverable, and I therefore recommend that the Court decline to resolve the issue at this stage of litigation.[1] *See Lane v. City of Rockland*, No. 2:22-cv-00058-JAW, 2023 WL 1319566, at \*6 (D. Me. Jan. 31, 2023) (rec. dec.), *aff'd*, 2023 WL 2326247 (D. Me. Mar. 2, 2023);

---

[1] "[T]he facts as they develop in this case will alone determine whether the plaintiff is entitled to punitive damages." *Doe*, 2012 WL 920675, at \*5. It follows, then, that the defendant would not be precluded from later testing the sufficiency of those facts in a summary judgment motion. *Id.* at \*6.

*see also D'Pergo Custom Guitars, Inc., v. Sweetwater Sound, Inc.*, No. 17-cv-747-LM, 2018 WL 6519070, at *6 (D.N.H. Dec. 11, 2018) (declining to dismiss a plaintiff's "request for punitive damages" because "whether punitive damages are recoverable is not a proper subject for adjudication in a Rule 12(b)(6) motion" (cleaned up)).

Accordingly, I recommend that the Court **DENY** Thomas's motion to dismiss.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: November 19, 2024

<u>/s/ Karen Frink Wolf</u>
United States Magistrate Judge